IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **LOGITRAQ, LLC,**<br><br>           Plaintiff,<br><br>  v.<br><br>**SUNBELT RENTALS, INC.,**<br><br>           Defendant. | Case No. 6:14-cv-975<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Logitraq, LLC files this Complaint against Defendant Sunbelt Rentals, Inc., for infringement of United States Patent Nos. 6,556,905 (the "'905 Patent") and 6,975,222 (the "'222 Patent").

## PARTIES AND JURISDICTION

1.  This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.  Plaintiff Logitraq, LLC ("Plaintiff" or "Logitraq") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

4.  Upon information and belief, Defendant Sunbelt Rentals, Inc. ("Defendant") is a North Carolina corporation with a principal office located at 2341 Deerfield Drive, Fort Mill, South Carolina 29715.  This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted

business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.  Specifically, and without limitation, Defendant has obtained a license and certification from the Texas Department of Motor Vehicles to operate commercial motor vehicles in Texas.  Defendant's U.S. Department of Transportation number is 500579, and Defendant's Texas DMV Certificate number is 005760742C.

5. On information and belief, Defendant's systems that gather and process information concerning the operation of its commercial motor vehicles, which are alleged herein to infringe, were and continue to be used in the Eastern District of Texas.

6. In order to achieve compliance with federal and state regulations, and to obtain and maintain a competitive advantage in the marketplace, Defendant relies on integrated technology systems that gather and process information concerning the operation of its commercial motor vehicles.  For example, Defendant uses such systems to comply with "Hours of Service" regulations.  These integrated technology systems of Defendant, including the methods practiced by such systems, are the "Accused Instrumentalities" in this case.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,556,905)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '905 Patent with sole rights to enforce the '905 Patent and sue infringers.

11. A copy of the '905 Patent, titled "Vehicle Supervision and Monitoring," is attached hereto as Exhibit A.

12. The '905 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

13. The '905 Patent is a prominent patent in the field of vehicle supervision and monitoring. This is evidenced in part by the extent to which the '905 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '905 Patent has been forward-cited in more than 50 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as IBM, Robert Bosch, Ford, and Progressive Insurance.

**(Direct Infringement)**

14. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '905 Patent, including at least claim 20, by using, making, and/or having made the Accused Instrumentalities as described in paragraph 6 above.

15. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

16. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 6,975,222)

17. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

18. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

19. Plaintiff is the owner by assignment of the '222 Patent with sole rights to enforce the '222 Patent and sue infringers.

20. A copy of the '222 Patent, titled "Asset Tracking Apparatus and Method," is attached hereto as Exhibit B.

21. The '222 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

22. The '222 Patent has been recognized as being a meaningful patent in the field of asset tracking. This is evidenced in part by the extent to which the '222 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '222 Patent has been forward-cited in more than 10 subsequently-issued U.S. patents to date, including patents originally assigned to MIT and to IBM.

### (Direct Infringement)

23. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '222 Patent, including at least claim 5, by using, making, and/or having made the Accused Instrumentalities as described in paragraph 6 above.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,556,905 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,975,222 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

d) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

e) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

f) Award Plaintiff pre-judgment and post-judgment interest and costs; and

g) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: December 18, 2014 Respectfully submitted,

   */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff Logitraq, LLC***

6